# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RODNEY JAMES HOPKINS,

    Plaintiff,

-vs-                        Case No. 13-CV-1019

MILWAUKEE SECURE DETENTION FACILITY,
JOHN DOE, sued as Warden of Milwaukee
Secure Detention Facility,
JANE DOE, sued as Jane Doe Nurses,
DOC ICE PROCESS,
and JOHN/JANE DOE, sued as John or Jane Doe Medical Supervisor,

    Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at Stanley Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has paid an initial partial filing fee of $5.00. *See* 28 U.S.C § 1915(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the defendants denied him medical treatment while incarcerated at Milwaukee Secure Detention Facility (MSDF) in 2008. When he arrived at MSDF in mid-January 2008, the plaintiff informed medical staff that he had just been in the

3

hospital with "COPD." The plaintiff was informed that staff could not do anything for him because they could not locate his medical files. After three weeks, the plaintiff started coughing up blood and was taken to the hospital where doctors told him that they would have to remove his left lung. The operation was scheduled for a Friday, but the State released him that Thursday to avoid having to pay for the operation.

The plaintiff also alleges that the State denied him access to the courts for relief because his offender complaint under the Inmate Complaint Review System was rejected as untimely filed. He cites to *Hopkins v. Husz*, Case No. 10-CV-291-WCG (E.D. Wis.), in which he brought the same medical care claim raised in this case. In that case, United States District Judge William C. Griesbach granted the defendants' motion for summary judgment for failure to exhaust administrative remedies because the plaintiff's offender complaint was rejected as untimely and he did not appeal the rejection. *Hopkins*, Case No. 10-CV-291-WCG, Dkt. # 31, 2011 WL 2463549 at *2 (E.D. Wis. June 21, 2011). Judge Griesbach stated:

> In this case, Hopkins filed a complaint on January 22, 2008 because he was not receiving necessary medication. (Dkt. # 21–2 at 1.) For some reason, the complaint was not acknowledged until February 13, 2008 and rejected as untimely. (Id. at 3.) Because there is no indication that Hopkins made any effort to appeal this decision, he failed to exhaust his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (when "the failure to exhaust was the prisoner's fault, [ ] the case is over"). Hopkins argues that his admission to the hospital on February 17, 2008 prevented him from filing an appeal. (Dkt. # 23 at 1, ¶ 4.) However, the ICRS allows late appeals for good cause. In not petitioning the appropriate

4

> authority to allow a late appeal, Hopkins failed to avail himself
> of the procedures the state made available to him.

*Hopkins*, 2011 WL 2463549, at *1.

Dismissals for failure to exhaust administrative remedies are without prejudice because, among other things, states may allow cure of failure to exhaust. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). This is what the plaintiff attempted to do here. Attached to the plaintiff's complaint are Inmate Complaint Review System documents which demonstrate that he filed another offender complaint related to his 2008 medical care claim in May 2013. The institution complaint examiner rejected the complaint as untimely filed because it was submitted beyond fourteen calendar days from the date of occurrence. *See* Wis. Admin. Code § DOC 310.11(5)(d). The plaintiff submitted an appeal to the appropriate reviewing authority who determined that the institution complaint examiner appropriately rejected the offender complaint.

Exhaustion is an affirmative defense and a prisoner is not required to plead that he pursued all of the prison's internal grievance procedures. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). However, a district court may dismiss a complaint where "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). This case presents that situation. The plaintiff's 2013 offender complaint was rejected as untimely and that decision was upheld on appeal. Thus, the plaintiff failed to exhaust administrative remedies as to his

5

medical care claim. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

The plaintiff also mentions an access to the court claim. He asserts that the State grievance responders should have tried to remedy the medical issue back in 2008 rather than rejecting the offender complaint and claiming it was late. A prisoner asserting a denial of access claim must allege "actual injury" in the form of interference with a "nonfrivolous legal claim." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). The plaintiff's allegations that the defendants should have accepted his untimely filed offender complaint and addressed his grievance on the merits do not meet this standard.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $345.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount

6

in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2013.

**SO ORDERED,**

*signature*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**