# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RODNEY JAMES HOPKINS,

        Plaintiff,

-vs-                                          Case No.   13-CV-1019

MILWAUKEE SECURE DETENTION FACILITY,
JOHN DOE, JANE DOE,
DOC ICE PROCESS, and JOHN/JANE DOE,

        Defendants.

# DECISION AND ORDER

The plaintiff has filed a motion for reconsideration of the Court's screening order dismissing this case without prejudice for failure to exhaust administrative remedies. That order states in relevant part:

> The plaintiff alleges that the defendants denied him medical treatment while incarcerated at Milwaukee Secure Detention Facility (MSDF) in 2008. When he arrived at MSDF in mid-January 2008, the plaintiff informed medical staff that he had just been in the hospital with "COPD." The plaintiff was informed that staff could not do anything for him because they could not locate his medical files. After three weeks, the plaintiff started coughing up blood and was taken to the hospital where doctors told him that they would have to remove his left lung. The operation was scheduled for a Friday, but the State released him that Thursday to avoid having to pay for the operation.
>
> The plaintiff also alleges that the State denied him access to the courts for relief because his offender complaint under the Inmate Complaint Review System was rejected as untimely filed. He cites to *Hopkins v. Husz*, Case No. 10-CV-291-WCG (E.D.

Wis.), in which he brought the same medical care claim raised in this case. In that case, United States District Judge William C. Griesbach granted the defendants' motion for summary judgment for failure to exhaust administrative remedies because the plaintiff's offender complaint was rejected as untimely and he did not appeal the rejection. *Hopkins*, Case No. 10-CV-291- WCG, Dkt. # 31, 2011 WL 2463549 at *2 (E.D. Wis. June 21, 2011). Judge Griesbach stated:

> In this case, Hopkins filed a complaint on January 22, 2008 because he was not receiving necessary medication. (Dkt. # 21–2 at 1.) For some reason, the complaint was not acknowledged until February 13, 2008 and rejected as untimely. (Id. at 3.) Because there is no indication that Hopkins made any effort to appeal this decision, he failed to exhaust his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (when "the failure to exhaust was the prisoner's fault, [ ] the case is over"). Hopkins argues that his admission to the hospital on February 17, 2008 prevented him from filing an appeal. (Dkt. # 23 at 1, ¶ 4.) However, the ICRS allows late appeals for good cause. In not petitioning the appropriate authority to allow a late appeal, Hopkins failed to avail himself of the procedures the state made available to him.

*Hopkins*, 2011 WL 2463549, at *1.

Dismissals for failure to exhaust administrative remedies are without prejudice because, among other things, states may allow cure of failure to exhaust. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). This is what the plaintiff attempted to do here. Attached to the plaintiff's complaint are Inmate Complaint Review System documents which demonstrate that he filed another offender complaint related to his 2008 medical care claim in May 2013. The institution complaint examiner rejected the complaint as untimely filed because it was submitted beyond fourteen calendar days from the date of occurrence. *See* Wis. Admin. Code § DOC 310.11(5)(d). The plaintiff submitted an appeal to the appropriate reviewing authority who determined that the institution

2

> complaint examiner appropriately rejected the offender complaint.
>
> Exhaustion is an affirmative defense and a prisoner is not required to plead that he pursued all of the prison's internal grievance procedures. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). However, a district court may dismiss a complaint where "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). This case presents that situation. The plaintiff's 2013 offender complaint was rejected as untimely and that decision was upheld on appeal. Thus, the plaintiff failed to exhaust administrative remedies as to his medical care claim. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

(Screening Order, November 22, 2013, at 3-6.)

In his motion for reconsideration, the plaintiff asserts that he was physically unable to pursue exhaustion of administrative remedies because he "was freed from custody in the midst of when he would've been required to exhaust administrative remedies and he was in no physical condition to proceed with any type of physical remedies because of the negligence of the defendants." (Motion for Reconsideration at 2.) However, the plaintiff's arguments with regard to his attempt to exhaust administrative remedies in 2008 were addressed by Judge Griesbach in *Hopkins v. Husz*, Case No. 10-CV-291-WCG (E.D. Wis.). He may not address that claim here. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

The plaintiff's complaint in this case raised the same Eighth Amendment medical care claim as the prior case but cited his 2013 attempt at the exhaustion process. As indicated, his attempt to exhaust was unsuccessful because the inmate complaint was rejected as untimely.

3

The plaintiff has not shown that the Court's order dismissing this action for failure to exhaust administrative remedies based on his 2013 attempt contained a manifest error of law. Therefore, his motion for reconsideration will be denied. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); Fed. R. Civ. P. 59(e).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket # 9) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's amended motion for reconsideration (Docket # 10) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket # 10) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for Pavey hearing (Docket # 10) is **denied**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**